## WALTER R. COLLINS *vs.* PETER G. DOUGLASS & another.

A citation to a creditor who had committed his debtor to prison on execution, giving him notice of the time and place appointed for the examination of the debtor, stated accurately the profession of the debtor, the court from which the execution issued, the date of the execution, and its amount, both as to damages and costs, and the prison to which the creditor had caused the debtor to be committed; but omitted the initial letter of the middle name of the debtor. *Held,* that this omission did not invalidate a discharge granted to the debtor by two justices of the quorum, on his examination at the time and place named in the citation.

The officer, to whom was delivered for service a citation to a creditor to appear at the examination of his debtor committed to prison on execution, returned thereon that he had served the same by giving an attested copy thereof to the plaintiff's attorney. *Held,* in an action on the debtor's bond for the liberty of the prison limits, that this return was conclusive evidence that the copy served purported to be signed by the magistrate who signed the original citation, although in the statement of facts on which that action was submitted to the court, it was agreed that the copy served purported to be signed by a different magistrate.

ACTION OF CONTRACT on a bond for the liberty of the prison limits, executed by Peter G. Douglass as principal, and George M. Rogers as surety. The defence relied on was a discharge of said Douglass on taking the poor debtors' oath.

The parties submitted the case to the court upon an agreed statement of facts, in substance as follows: On the 26th of August 1851, the citation copied in the margin,* and which is made part of this statement, was signed and issued by " Ninian C. Betton, Justice of the Peace," and delivered to an officer for service, who on the same day returned thereon, that he had

---

* Suffolk, ss. To Walter R. Collins, of Boston in the county of Suffolk, housewright. Whereas Gustavus Andrews, keeper of the jail at Boston in the county of Suffolk, has made known to me, the subscriber, one of the justices of the peace for said county, that Peter Douglass of Boston aforesaid, physician, who is committed on an execution issued from the court of common pleas holden at Boston for and within the county of Suffolk, and dated the thirteenth day of August 1851, for thirty six dollars and seventy two cents damage, and five dollars and six cents costs of suit, in a civil action, and two dollars costs of commitment, in which you are the creditor, has represented to said jailer that he is unable to pay the debt for which he is committed, and is desirous to take the benefit of the law for the relief of poor debtors: I hereby appoint the twenty-eighth day of August instant, at ten o'clock in the forenoon, at the office of said

" served the above citation on the above named Collins, by giving in hand to H. D. Austin, Esq. the plaintiff's attorney, an attested copy of the same." In the representation made in writing by the jailer to the justice who issued the citation, and in the certificate of the two justices of the peace and of the quorum that they had administered the oath, the debtor was called Peter G. Douglass. The copy of the citation delivered to the plaintiff's attorney, (which was also made part of the statement of facts,) was an exact copy of the citation issued as aforesaid, in all respects, except that it purported to be signed by " Abraham A. Dame, Justice of the Peace." Dame and Betton were both justices of the peace for the county of Suffolk. At the time of the service of the citation, the plaintiff's attorney was not counsel against Douglass in any other suit then pending, and held no other execution against Douglass than the one upon which Douglass was then committed. " And it is agreed that if the proceedings in behalf of said Douglass shall be adjudged substantially erroneous, said Douglass did not remain a true prisoner according to the statute."

*H. D. Austin,* for the plaintiff. The proceedings to take the poor debtors' oath are regulated by statute, and must be strictly followed. *Bruce* v. *Keogh,* 7 Cush. 536, & cases cited. *Baker* v. *Moffat,* 7 Cush. 259. 1. The citation was defective, in not stating the name of the debtor. The citation mentioned Peter Douglass, and not Peter G. Douglass, the name by which the principal defendant was sued, by which he was called in the representation of his wish to take the oath, and by which he executed the bond now in suit. Peter Douglass and Peter G. Douglass are different names. *Slasson* v. *Brown,* 20 Pick. 436. *Bowen* v. *Mulford,* 5 Halst. 230. *Commonwealth* v. *Hall,* 3 Pick.

jailer in Leverett Street in said Boston, the time and place for the examination of said debtor on his oath, concerning his estate and effects, and the disposal thereof, and his ability to pay the debt for which he is committed, and to hear any other legal and pertinent evidence that may be produced by him or you; and I give you notice thereof by this citation under my hand, this twenty-sixth day of August in the year eighteen hundred and fifty one.

NINIAN C. BETTON, Justice of the Peace.

262. *Commonwealth* v. *Perkins*, 1 Pick. 388. *Cobb* v. *Lucas*, 15 Pick. 7. *Jones* v. *Macquillin*, 5 T. R. 195. The only authorities to the contrary are *Roosevelt* v. *Gardinier*, 2 Cow. 463; *Franklin* v. *Talmadge*, 5 Johns. 84; *Keene* v. *Meade*, 3 Pet. 6; and *Hall* v. *Tenney*, 11 N. H. 516. 2. The citation was not duly served on the creditor, within Rev. Sts. *c.* 98, §§ 2, 3; for the copy served purported to be signed and issued by a different magistrate from the one who actually signed and issued the citation; and this fact being admitted by the defendants, the return of the officer on the original citation is not conclusive. [THOMAS, J. How can you go behind the officer's return? SHAW, C. J. The copy served, being made a part of the agreed statement, is to be considered; but the question remains, whether the officer's return can be contradicted by such evidence.]

*J. C. Park*, for the defendants. ·

MERRICK, J. The bond in suit was given by the principal defendant Douglass, when committed to jail on execution for debt, to obtain the liberty of the prison limits. He was subsequently discharged from custody by the jailer upon receiving from two justices of the peace, both of the quorum, a certificate in the form prescribed in *c.* 98, § 10, of the revised statutes, that after due examination they had administered to the said Douglass the oath to be taken by poor prisoners committed on execution for debt. This certificate is not conclusive evidence of his right to be at large, and the plaintiff attempts to invalidate it by showing that, in the preliminary proceedings respecting notice to the creditor, the requirements of the statute were not complied with. If the fact were so, the defendants cannot avail themselves of it in justification of the withdrawal of Douglass from custody; and his departure from the prison limits was a breach of the condition of the bond. *Baker* v. *Moffat*, 7 Cush. 259, & cases there cited. *Bruce* v. *Keogh*, 7 Cush. 536.

Upon the representation to the jailer by a debtor, of his inability to pay the debt for which he is committed, it is made the duty of the justice of the peace to whom that representation is communicated, to fix a time and place for the examination of the debtor, and by a citation under his own hand, duly served upon

the creditor, to give him notice thereof. Rev. Sts. *c.* 98, §§ 1, 2. The defendant insists that in neither of these last named particulars — the citation to the creditor, and the service of it upon him — were the requisitions of the statute complied with; and therefore that the subsequent proceedings of the magistrates were irregular and unauthorized, and their certificate given to the jailer was without any legal validity.

The error or deficiency in the citation, pointed out by the plaintiff, and which he contends is so material as to vitiate all the subsequent proceedings of the magistrates, is the omission in it of the initial letter of the middle name of the debtor. He is called Peter instead of Peter G. Douglass. It is urged that these are, or may be, the names of two different individuals; that the creditor, by the service of such a citation upon him, was not certainly informed, and did not necessarily know, at whose instance it was issued; and therefore that he had not legal notice that the person, who desired to take the benefit of the act for the relief of poor debtors, was his debtor, committed on his execution. The statute gives no form of the citation which it is the duty of the magistrate to issue, and does not prescribe the degree of minuteness with which the persons named in it, or the cause for which it is made, shall be described. But undoubtedly the description should be made, in both particulars, with all reasonable certainty; for it is essential to the security of parties that they have proper notice of all proceedings by which their interest may be affected. And no notice can be effectually given, unless the process served upon a party contains an intelligible statement or recital of the facts which it is material to him to know, and of which it is his right to be informed. It was upon this principle that the case of *Slasson* v. *Brown,* 20 Pick. 436, cited and relied on by the plaintiff, was decided. The citation in that case was addressed to Ebenezer B. Slasson, while the name of the person upon whom it was served, and whose interest it was the object of the suit to affect, was Edward B. Slasson. This was an entire variance in the name, and for that cause the court held the defect to be fatal.

But in the present case, there is no such positive error; no

such entire variance. If a very small part of the name of the debtor is omitted in the citation, he is not designated by another which does not properly belong to him. But his name is not the only means it affords by which he may be identified and known by the creditor. His profession and place of residence; the court wherein the original suit was prosecuted; the precise amount of the judgment against him, both in reference to damages and costs; the date of the execution; and the prison to which he was thereon caused by the plaintiff himself to be committed; are all accurately named and described in it. These circumstances are so direct and significant, that it is impossible to doubt that the creditor perfectly well understood for whose benefit the citation was issued, and knew who was intended by the debtor named in it. This is sufficient. Undoubtedly the creditor is entitled to the notice required by law, but a mere verbal variance, which could not mislead him, or create a doubt in his mind as to the object of the citation, or the person who was described in it as the debtor, ought not to be allowed to vitiate the proceedings of the magistrates. This principle was fully established in the case of *Bussey* v. *Briggs*, 2 Met. 134; and it requires, upon the facts agreed by the parties, that the validity of the certificate given by the magistrates to the jailer should be affirmed.

Of the other objection of the plaintiff, that there was no legal service of the citation upon the creditor, he cannot, in this case, avail himself. In the return made upon it by the officer to whom it was delivered for service, and by whom it was served, it appears that all the requirements of law in that particular were complied with. In this proceeding the creditor is entirely concluded by it. If the return is false, the remedy of the plaintiff is against the officer, who is responsible to the injured party for all injurious consequences resulting from it. The rule that a legal and sufficient return by an officer, upon a precept which he has authority to serve, is conclusive in the suit, as to the facts returned, is too well known to require a citation of cases in which it has been affirmed. But reference may be made to the case of *Niles* v. *Hancock*, 3 Met. 568, in which the general doc-

trine was applied to a case precisely like the present. It was there determined that the return, by a proper officer, of a proper service of a citation to a creditor to appear at the examination of his debtor, who is committed on execution, is conclusive, and cannot be disproved by the creditor in an action on the debtor's bond for the liberty of the prison limits. It need only be added that we adhere to that decision. *Judgment for the defendants.*